# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| DONALD R. JOHNSON, II, M.D., | Civil Action No. 2:22-cv-001302-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER AND OPINION** |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY and KENNETH S. GUSTAFSON, | |
| Defendants. | |

This matter is before the Court on Plaintiff's motion to remand. (Dkt. No. 9). Defendant MassMutual filed a response in opposition. (Dkt. No. 14). For the reasons stated below, Plaintiff's motion to remand is **GRANTED**.

**I.     Background**

Plaintiff initiated this insurance coverage dispute against his insurer, MassMutual, and the agent who sold him the policy, Mr. Gustafson, in the Court of Common Pleas in Charleston County, South Carolina. (Dkt. No. 1-1). Plaintiff, a spinal surgeon, is seeking partial and total disability benefits for his inability to perform surgery due to arthritis in his hands. In his original complaint, Plaintiff requested the following remedies: (1) a request for a declaration from MassMutual stating that Plaintiff is entitled to coverage for partial and total disability under his policy, (2) entitlement to actual damages for MassMutual's alleged breach the disability insurance contract, and as an alternative remedy, (3) damages for Gustafson's alleged negligent procurement of the policy. *Id.*

1

MassMutual removed this case to federal court based on diversity jurisdiction. (Dkt. No. 1). The parties agree that Plaintiff and Gustafson are both residents of South Carolina. Complete diversity is thus lacking on the face of the Complaint, but MassMutual argues that Gustafson was fraudulently joined and should be dismissed and disregarded for jurisdictional purposes.

Plaintiff filed a motion to remand (Dkt. No. 9), and MassMutal filed a response in opposition (Dkt. No. 14).

## II.    Legal Standard

The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quotations omitted). To establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: (1) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. *E.g.*, *Johnson*, 781 F.3d at 704; *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). This is a heavy burden. *Johnson*, 781 F.3d at 704.

Under the second method, the defendant must show the plaintiff cannot establish a claim against the nondiverse defendant "even after resolving all issues of law and fact in the plaintiff's favor." *Id.* The standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (quotations marks omitted). "[T]here need be only a slight possibility of a right to relief to defeat a claim of fraudulent joinder." *Mayes v. Rapoport*, 198 F.3d 457, 466 (4th Cir. 1999) (internal quotation marks omitted). In determining whether a joinder is fraudulent, the court "is not bound by the allegations of the pleadings, but may

instead consider the entire record, and determine the basis of joinder by any means available." *Id.* at 464.

### III. Discussion

MassMutual argues that there is no possibility that Plaintiff can state a claim against Gustafson because (A) Gustafson did not owe Plaintiff a duty and, even if a duty was owed, Gustafson did not breach that duty, and (B) the claim against Gustafson is not ripe as it is contingent upon first determining the claims against MassMutual.

#### A. Duty and Breach

Resolving all issues of fact and law in Plaintiff's favor, MassMutual has not shown that there is no possibility Plaintiff would be able to establish duty and breach.

Under South Carolina law, "[i]nsurers and their agents generally do not have a duty to advise an insured." *Carolina Prod. Maint., Inc. v. U.S. Fid. and Gaur. Co.*, 310 S.C. 32, 38, 425 S.E. 2d. 39, 43 (S.C. Ct. App. 1992) (citing *Trotter v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 465, 471, 377 S.E. 2d. 343, 347 (S.C. Ct. App. 1988). But an express duty may exist if the agent, nevertheless, expressly undertakes to advise the insured. *Trotter*, 297 S.C. at 471, 377 S.E. 2d. at 347. And an implied duty may exist if "(1) the agent received consideration beyond a mere payment of the premium, (2) the insured made a clear request for advice, or (3) there is a course of dealing over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied on." *Carolina Prod. Maint.*, 310 S.C. at 38, 425 S.E. 2d. at 43 (cleaned up). Thus, if an agent expressly or impliedly undertakes a duty, then, under South Carolina, the agent *possibly* has a duty to advise.

Plaintiff alleges negligent procurement of an insurance policy. For that claim Plaintiff alleges, among other things, that Gustafson "undertook the duty to provide advice to his client,

Plaintiff," and that Gustafson "was specifically tasked with obtaining a policy that would provide disability benefits in the even Plaintiff was no longer able to perform spinal surgery." (Dkt. No. 1-1 ¶ 29). Plaintiff also alleges Gustafson "fail[ed] to determine Plaintiff's insurance needs and advise and procure insurance coverage accordingly." (*Id.*, ¶ 30). Based on these allegations, it is possible that Gustafson expressly or impliedly undertook a duty and breached it.

There is "'arguably a reasonable basis' for predicting that the state law *might* impose liability." *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 739 (D. S.C. 2015) (quoting 6 James Wm. Moore et. Al., Moore's Federal Practice ¶ 102.21[5][a]) (emphasis in original). The standard this Court must apply is whether there is *any* possibility that Plaintiff can establish a claim under state law. *Johnson*, 781 F.3d at 704. The Court cannot say that there is no hope of establishing Plaintiff's negligence claim.

**B. Ripeness**

MassMutual's ripeness argument falls short. MassMutal argues that Plaintiff's negligence claim against Gustafson is not ripe until Plaintiff's claims for declaratory judgment and breach of contract claims against MassMutual are resolved. (Dkt. No. 14 at 9). Plaintiff argues that the claims may be pursued simultaneously as alternate theories of liability. (Dkt. No. 9-1 at 7-9).

The District of Maryland recently addressed these arguments in the fraudulent joinder context. *Goucher Coll. v. Continental Cas. Co.*, 541 F. Supp. 3d 642, 648-49 (D. Md. 2021). In *Goucher*, the court remanded the case finding a negligence claim against an insurance broker, who shared the same citizenship as the plaintiff, was ripe. The plaintiff in *Goucher*, like Plaintiff here, filed a coverage dispute against the insurer and, alternatively, a negligent procurement claim against the broker. *Id.* at 645. The insurer, alleging the broker was fraudulently joined to destroy diversity, argued that plaintiff's negligence claim was not ripe. *Id.* at 649. In its analysis, the court

observed a split amongst courts deciding whether claims against an insurer and the broker who selected the policy can be brought simultaneously. *Id.* 649-50. The court concluded that "the better view, held by an equal number of courts (if not the majority[)]," is that the claims "may simultaneously lie." *Id.* at 650. That conclusion led the court to find that the plaintiff's claim against the broker was ripe and that diversity was destroyed. *Id.* at 650-51.

MassMutual did not cite to, and this Court did not find, any South Carolina law suggesting claims against a broker are premature when the underlying insurance coverage has yet to be determined. All doubts must be resolved in favor of remand. *See Johnson*, 781 F.3d at 704. Accordingly, Plaintiff's negligence claim against Gustafson is ripe.

## IV.    Conclusion

For the reasons stated above, the Court finds that it lacks diversity jurisdiction over this case and **GRANTS** Plaintiff's Motion to Remand (Dkt. No. 9). *Johnson v. Mass. Mutual Life Ins. Co., et al.*, Case No. 2:22-cv-001302, is **REMANDED** to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED.**


                                                         s/Richard Gergel
                                                        Richard Mark Gergel
                                                        United States District Judge

June 17, 2022
Charleston, South Carolina